**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas S. Gibson, | No. CV 06-3003-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff appeals the decision of the Social Security Commissioner ("Commissioner") denying his application for supplemental security income and disability insurance benefits. Because the Administrative Law Judge ("ALJ") failed to properly consider the treating physician's opinion, the Court will reverse the Commissioner's decision and remand for further proceedings.

**I.   Background**

On February 18, 2004, Plaintiff applied for supplemental security income and disability insurance benefits, alleging a disability onset date of August 5, 2003. Plaintiff alleged that he was disabled due to a combination of psychological impairments, including paranoid schizophrenic disorder and borderline personality disorder. At the time of his alleged onset date, Plaintiff had a more than thirty-five-year history of substance abuse and had been diagnosed with several substance abuse disorders. Plaintiff's claims were denied

1 initially and on reconsideration. On May 3, 2005, upon Plaintiff's request, an ALJ held a 2 hearing at which Plaintiff testified and was represented by counsel. The ALJ issued an 3 unfavorable decision and denied Plaintiff's claims. Thereafter, the Social Security Appeals 4 Council granted Plaintiff's request for review and remanded the case for further proceedings, 5 directing the ALJ to consider, among other things, the opinion of Plaintiff's treating 6 physician.

7 On March 20, 2006, Plaintiff appeared and testified at a supplemental hearing before 8 the ALJ. Following this hearing, the ALJ issued another unfavorable decision, which had 9 two main components. First, the ALJ found that all of Plaintiff's various impairments 10 (including his substance abuse disorders) rendered him disabled. In reaching this conclusion, 11 he relied on the opinion of Dr. Jasbir Bisla, Plaintiff's treating physician. Second, the ALJ 12 found that Plaintiff's substance abuse was a contributing factor material to the disability 13 determination and that, as a result, Plaintiff was not disabled within the meaning of the Social 14 Security Act. The ALJ based this conclusion on the opinions of two state agency doctors; 15 he did not mention Dr. Bisla's opinion.

16 Plaintiff filed a request for review, which the Social Security Appeals Council denied. 17 Plaintiff then timely filed this appeal on December 13, 2006.

18 **II.  Standard of Review**

19 The district court has a limited role in reviewing denials of disability benefits. The 20 Commissioner's decision stands unless "'it is not supported by substantial evidence or . . . 21 is based on legal error.'" *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting 22 *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Where the evidence is 23 susceptible to more than one rational interpretation, one of which supports the ALJ's 24 decision, the ALJ's conclusion must be upheld." *Id.*

25 **III.  Discussion**

26 *A.  Did the ALJ Commit Reversible Error?*

27 Disability claims are typically resolved within the framework of a five-step sequential 28 process. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at the first

1 four steps, but the burden shifts to the Commissioner at step five. *Bustamante v. Massanari*, 2 262 F.3d 949, 954-55 (9th Cir. 2001). A finding of "not disabled" at any step in the 3 sequential process will end the inquiry. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). At step one, 4 the ALJ determines whether the claimant is "doing substantial gainful activity." *Id.* §§ 5 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines whether the claimant's 6 impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(a)(4)(ii), 7 416.920(a)(4)(ii). At step three, the ALJ determines whether the impairment "meets or 8 equals" one of the impairments listed in the regulations. *Id.* §§ 404.1520(a)(4)(iii), 9 416.920(a)(4)(iii). At step four, the ALJ determines whether, despite the impairment or 10 impairments, the claimant can still perform "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 11 416.920(a)(4)(iv). Finally, at step five, the ALJ determines whether, despite the impairment 12 or impairments, the claimant "can make an adjustment to other work" that exists in the 13 national economy. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

14 When substance abuse is involved, however, this five-step process may not be enough 15 to resolve the disability claim. Since certain 1996 amendments to the Social Security Act, 16 an individual is not disabled under Title II or Title XVI of the Act "if alcoholism or drug 17 addiction would (but for this subparagraph) be a contributing factor material to the 18 Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 19 1382c(a)(3)(J). Thus, even if the ALJ finds that all the claimant's limitations are disabling, 20 if there is medical evidence of substance abuse, the ALJ must next determine whether the 21 substance abuse was a contributing factor material to the disability determination. 20 C.F.R. 22 §§ 404.1535(a), 416.935(a). In substance-abuse cases, therefore, a finding of "disabled" 23 under the five-step sequential process does not automatically result in an award of benefits; 24 it merely overcomes the first hurdle to that end. *Bustamante*, 262 F.3d at 954-55 (holding 25 that a finding of disability as to all impairments is a prerequisite to evaluating the materiality 26 of the claimant's substance abuse).

27 Two more hurdles follow. After finding the claimant disabled when considering all 28 impairments, the ALJ must determine which of the claimant's "current physical and mental

1 limitations" would remain if he "stopped using drugs or alcohol." 20 C.F.R. §§
2 404.1535(b)(2), 416.935(b)(2). The Ninth Circuit has described this step as "separating out
3 the impact" of the substance abuse. *Bustamante*, 262 F.3d at 955. The ALJ is not free to
4 speculate. As with any other aspect of his decision, his finding must be supported by
5 substantial evidence. *See Thomas*, 278 F.3d at 954. One circuit has held that if the ALJ is
6 unable to separate out the impact of substance abuse, the claimant is entitled to benefits.[1]
7 *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003) (citing Soc. Sec. Admin.
8 Emergency Teletype, No. EM-96-94 at Answer 29 (Aug. 30, 1996)).

9 If the ALJ is able to separate out the impact of substance abuse, the ALJ must then
10 determine whether the claimant's remaining limitations would be disabling. *Bustamante*, 262
11 F.3d at 955. To make this determination, the ALJ repeats the five-step sequential process
12 described above but only analyzes the claimant's non-substance-abuse-related limitations
13 when doing so. *Id.* If the non-substance-abuse-related limitations would be disabling, then
14 the claimant is entitled to benefits. If the non-substance-abuse-related limitations would not
15 be disabling, then the claimant's substance abuse is a contributing factor material to the
16 disability determination, and the claimant cannot receive benefits. *Id.*

17 In sum, substance-abuse-related disability claims involve a three-step inquiry. First,
18 considering all impairments, including substance abuse, is the claimant disabled? Second,
19 if the claimant stopped using drugs or alcohol, what would his remaining limitations be?
20 And third, are the remaining limitations disabling?

21 Here, after properly finding Plaintiff disabled at step one of this inquiry, the
22 Commissioner concedes that the ALJ committed legal error at step two by failing to consider
23 the treating physician's opinion. Dr. Bisna opined that Plaintiff's impairments caused him
24 to suffer several moderately severe limitations. The ALJ relied on this opinion to conclude
25 that Plaintiff was disabled at step one of the inquiry. But when the ALJ determined
26 Plaintiff's non-substance-abuse-related limitations at step two, the ALJ relied wholly on the

27
28       [1] The Ninth Circuit has not yet addressed this issue.

- 4 -

1 opinions of two state agency doctors without addressing the significance (or insignificance)
2 of Dr. Bisna's opinion. This omission constitutes legal error and mandates reversal.

3       *B. Remand for Further Proceedings or an Award of Benefits?*

4       The remaining issue to be decided is whether to remand for further proceedings or for
5 an award of benefits. A district court has the discretion to award benefits only when "the
6 record has been fully developed and where further administrative proceedings would serve
7 no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remanding for
8 benefits is appropriate where (1) the ALJ has failed to properly reject the opinion of a
9 treating physician and (2) "it is clear from the record that the ALJ would be required to find
10 the claimant disabled were such evidence credited." *Id.*

11       In this case, even if the Court were to credit Dr. Bisna's testimony as true, the Court
12 could not conclude on this record that Plaintiff is entitled to disability benefits. Dr. Bisna
13 opined that Plaintiff's impairments resulted in limitations that would, the Commissioner
14 concedes, qualify as disabling. But on the record before this Court, it is not clear whether
15 Dr. Bisna based his opinion on Plaintiff's non-substance-abuse impairments alone. If Dr.
16 Bisna considered Plaintiff's substance abuse when he opined about Plaintiff's limitations,
17 then his opinion is not necessarily inconsistent with the ALJ's decision. But if he did not,
18 then Dr. Bisna's opinion squarely conflicts with the opinions of the state agency doctors
19 relied on by the ALJ. Resolution of this ambiguity in the evidence requires remand.[2]

20 **IV.   Conclusion**

21       The ALJ erred by "separating out" the impact of Plaintiff's substance abuse without
22 addressing the treating physician's opinion. An ambiguity in that opinion, however, prevents

---

[2] Plaintiff also argues that the old adage "justice delayed is justice denied" requires an immediate award of benefits. But vague proverbs and sayings, however laudable they may be, do not trump Ninth Circuit precedent. Moreover, the present ambiguity in the record makes it impossible for this Court to detect the just result in this case. An immediate award of benefits would work an injustice if Plaintiff is ineligible to receive them.

- 5 -

1  this Court from simply crediting the opinion as true and then deciding whether Plaintiff is
2  entitled to benefits. Accordingly,
3       **IT IS ORDERED** that, consistent with the terms of this Order, Defendant's Motion
4  to Remand to the Social Security Administration (Doc. # 24) is **GRANTED**;
5       **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc.
6  # 17) is **GRANTED** to the extent consistent with this Order and **DENIED** in all other
7  respects. Because the Court finds error in the ALJ's determination of Plaintiff's non-
8  substance-abuse limitations, it does not address the remaining claims of error raised in this
9  appeal.
10      DATED this 31st day of March, 2008.

_____
James A. Teilborg
United States District Judge